IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____

FIRST CHOICE FEDERAL CREDIT
UNION, individually and on behalf of
a class of similarly situated financial
institutions,

    Plaintiff,

v.

THE HOME DEPOT, INC.,

    Defendant.
_____

Case No. 1:14-cv-2975-AT

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S NOTICE OF RELATED CASE**

COMES NOW, FIRST CHOICE FEDERAL CREDIT UNION, Plaintiff herein, by and through the undersigned counsel, and files this, its Response in Opposition to Defendant's Notice of Related Case, and respectfully shows the following:

Plaintiff's case is not related to *Solak v. Home Depot, Inc.*, No. 14-cv-02856-WSD (N.D. Ga. Sept. 4, 2014), currently pending before the Honorable William S. Duffey, Jr. Rather, each suit involves a wholly different type of plaintiff, seeks

1

different damages and is based on different legal theories and they do not involve the same "issues, arguments, and defenses." *ALW Mktg. Corp. v. Drunasky*, No. 1:91-cv-545-RLV, 1991 WL 345313, at *2 (N.D. Ga. Dec. 30, 1991). Indeed, Home Depot also has implicitly recognized the many distinctions between the *Solak* matter and this matter by retaining *separate counsel* for the two actions.[1]

An examination of the pleadings and claims at issue amply demonstrates the differences that make relation unnecessary and improper. *First*, each case seeks recovery for vastly different classes. The *Solak* action is a consumer class action on behalf of individuals whose credit or debit card information and/or whose personal financial information was compromised as a result of the Home Depot data breach. Solak Complaint ¶¶ 24, 25. In contrast, the present action is a class action on behalf of financial institutions that issue or support the issuance of payment cards whose customers made purchases at Home Depot. First Credit Complaint ¶ 53. This divergence, both in plaintiffs and class definitions, makes the cases wholly different and as a result weighs against relation. *Cf. JP Morgan Chase Bank, N.A. v. Sampson*, 1:10-cv-1666-JEC, 2012 WL 949698, at *1 n.3 (N.D. Ga. Mar. 20, 2012) (requiring

---

[1] In the *Solak* suit, King & Spalding, LLP is representing Home Depot. Here, Alston & Bird LLP is representing Home Depot.

2

notice of related action in foreclosure dispute over piece of property because earlier action related to exact same piece of property).

*Second*, the recovery sought in each action is unrelated and raises different issues. The plaintiffs in the *Solak* action seek recovery based on the disclosure of their sensitive personal and financial information. Solak Complaint ¶¶ 21, 22. Alternatively, one of the named plaintiffs claims he was harmed because the theft of his sensitive personal and financial information increased his chances of becoming a victim of identity theft/fraud. *Id.* Contrary to the damages presented in the *Solak* action, Plaintiff here seeks recovery based on completely separate and tangible harms such as the losses incurred in reissuing payment cards, reimbursing fraudulent charges, lost interest and transaction fees, and other costs incurred protecting its cardholding customers (First Choice Complaint ¶¶ 50, 51). Thus, the differing damages found in each case raise different legal issues and also weigh against relating the actions.

*Finally*, each case is based on differing legal theories. The plaintiffs in the *Solak* suit bring claims based on state data breach statutes, bailment, breach of implied contract and unjust enrichment. The present matter involves claims only for negligence and negligent misrepresentation by omission. The claims in the *Solak* complaint are predicated on a consumer-merchant relationship only found between

the *Solak* consumer plaintiffs and Home Depot and thus are not applicable to the financial institutions. In contrast, the financial institution Plaintiff's negligence and negligent misrepresentations claims are based on Plaintiff's and Home Depot's participation in the payment card processing system. The consumer plaintiffs do not participate in this system as institutions and thus their negligence claims, although based on the similar predicate events, involve very different legal theories/landscapes. Based on these deviations, along with the others outlined above, the cases are not related for the purposes of the JS44 Civil Cover Sheet because they do not involve the same issues, arguments, and defenses. As a result, Plaintiff was not required to identify the *Solak* action when it filed its Class Action Complaint and this court should not relate the two.

WHEREFORE, for the forgoing reasons, Plaintiff submits that the court should not relate this case to the *Solak* suit.

Respectfully submitted, this 8th day of October, 2014

        Respectfully submitted,

        By:  /s/  Anthony C. Lake
        Anthony C. Lake
        **GILLEN WITHERS & LAKE, LLC**
        Georgia Bar No. 431149
        3490 Piedmont Road, N.E.
        One Securities Centre, Suite 1050
        Atlanta, GA 30305
        Tel:   (404) 842-9700
        Fax:   (404) 842-9750
        aclake@gwllawfirm.com

        Thomas A. Withers
        **GILLEN WITHERS & LAKE, LLC**
        Georgia Bar No. 772250
        8 East Liberty Street
        Savannah, Georgia 31412
        Tel:   (912) 447-8400
        Fax:   (912) 233-6584
        twithers@gwllawfirm.com

        Richard A. Lockridge
        Robert K. Shelquist
        Karen Hanson Riebel
        Heidi M. Silton
        Eric N. Linsk
        (all to be admitted *pro hac vice*)
        **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
        100 Washington Ave. S., Suite 2200
        Minneapolis, MN 55401
        Tel:   (612) 339-6900
        Fax:   (612) 339-0981
        ralockridge@locklaw.com
        rkshelquist@locklaw.com

khriebel@locklaw.com
hmsilton@locklaw.com
rnlinsk@locklaw.com

Gary F. Lynch
Edwin J. Kilpela
Jamisen Etzel
(all to be admitted *pro hac vice*)
**CARLSON LYNCH SWEET & KILPELA, LLP**
PNC Park
115 Federal Street, Suite 210
Pittsburgh, PA 15212
Tel:   (412) 322-9243
Fax:   (412) 231-0246
glynch@carlsonlynch.com
ekilpela@carlsonlynch.com
jetzel@carlsonlynch.com

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this **Plaintiff's Response in Opposition to Defendant's Notice of Related Case** was prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less of 1.5 inches and a left margin of not less than 1 inch.

Respectfully submitted, this 8th day of October, 2014.

By:  /s/  Anthony C. Lake\
Anthony C. Lake\
Georgia Bar No. 431149

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the within and foregoing **Plaintiff's Response in Opposition to Defendant's Notice of Related Case** with the Clerk of Court using the CM/ECF system, and additionally served counsel for Defendants by depositing copy of same in the United States Mail in an envelope with adequate postage affixed thereon, properly address as follows:

**Cari K. Dawson**
**Kristine McAlister Brown**
**James C. Grant**
**Alston & Bird LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

By: /s/  Anthony C. Lake
      Anthony C. Lake
      Georgia Bar No. 431149